UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK DALY, ELENA NACARINO, SUSAN SYLVESTER, and MICHAEL SONNENSCHEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES LLC,<br><br>Defendants. | Case No. C22-910RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO CONSOLIDATE AND GRANTING DEFENDANT'S MOTION TO SUPPLEMENT |

### I.   INTRODUCTION

This matter comes before the Court on Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon")'s "Motion to Consolidate Cases." (Dkt. #25). Amazon has also filed a Motion to Supplement, Dkt. #33, to consolidate a fourth related action, *Adams v. Amazon.com, Inc.*, Case No. 2:23-cv-00913-RSM. ("*Adams*"). Plaintiffs in the instant case ("*Daly*"), Plaintiff in related case *Dorobiala v. Amazon.com, Inc.*, Case No. 2:22-cv-01600-RSM ("*Dorobiala*"), and Plaintiff in related case *Nicholas v. Amazon.com, Inc.*, Case No. 2:22-cv-1616-RSM ("*Nicholas*") have all filed oppositions to Amazon's Motion. *Daly*, Dkt. #26;

ORDER - 1

*Dorobiala*, Dkt. #11; *Nicholas*, Dkt. #44.  Plaintiffs in *Daly*, *Dorobiala*, and *Nicholas* have also all filed oppositions to Amazon's Motion to Supplement.  *Daly*, Dkt. #35; *Dorobiala*, Dkt. #14; *Nicholas*, Dkt. #46.  Plaintiff in *Adams* has not responded.

## II.    BACKGROUND

### A.  *Daly* Action

On September 21, 2022, Plaintiffs filed a First Amended Complaint for a putative class action challenging Amazon's automatic renewal policies and cancellation practices regarding twelve Amazon subscription services, including Amazon Prime, Kindle Unlimited, Amazon Music Unlimited, Amazon Prime Video Channels, Amazon Prime Video, Amazon Prime Book Box, Amazon Kids+, Audible, ComiXology Unlimited, and Amazon Subscription Boxes.  *Daly*, Dkt. #14.  Plaintiffs allege that Amazon uses "dark pattern" tactics, "luring customers into enrolling" in subscriptions and making it "exceedingly difficult and unnecessarily confusing for consumers to cancel their Amazon subscriptions."  *See id*. at ¶¶ 1, 7, 26-33, 130-31, 149-51.  Plaintiffs Nacarino and Daly specifically encountered issues through an Amazon Prime free trial.  *Id*. at ¶10-11.  Plaintiffs allege that they suffered economic injury because of Amazon's cancellation practices. Id. at ¶¶ 130-31, 149-51.  Under various California and Oregon statutes, Plaintiffs seek damages, restitution, declaratory relief, injunctive relief, and attorneys' fees for Amazon's alleged violations of California's and Oregon's Automatic Renewal Laws.  *Id*. at ¶ 9.

### B.  *Dorobiala* Action

On November 9, 2022, the *Dorobiala* Plaintiff filed a putative Class Action Complaint against Amazon challenging its cancellation practices regarding Amazon Prime. *Daly*, Dkt. #26-2 at ¶¶ 5-6.  This Plaintiff alleges that Amazon's "dark patterns" tactics caused him to be "confused by the process" of cancelling, making it difficult for him to cancel at all.  *Id*. at ¶¶ 5-

ORDER - 2

6, 56. Specifically, the *Dorobiala* Plaintiff raises claims against Amazon's allegedly difficult and deceptive cancellation process. *Id*. Plaintiff asserts these claims pursuant to the Washington Consumer Protection Act ("WCPA"). *Id*. at 50-58.

C. *Nicholas* Action

On August 25, 2022, the *Nicholas* Plaintiff filed a putative Class Action Complaint against Amazon in the Circuit Court of Cook County, Illinois, which was removed by Amazon to the U.S District Court for the Norther District of Illinois on September 26, 2022. *Daly*, Dkt. #26-1. The case was transferred to this Court on November 10, 2022. *Id*. This Plaintiff also alleges that Amazon's cancellation process is "overly difficult and time-consuming," using "dark patterns" to induce customers to sign up for subscriptions but making cancellation difficult through a "labyrinth of menus and icons" to frustrate the process. *Id*. at 1-4, 16-31, 32-36. Plaintiff alleges injury because of these alleged unlawful practices and asserts these claims as violations of the WCPA, the Illinois Automatic Contract Renewal Act ("IACRA"), the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and common law claims for fraud and unjust enrichment. *Id*. at ¶¶ 32-43. However, Plaintiff specifically asserts these claims due to Amazon's cancellation practices concerning its "Subscribe & Save" subscription program. *Id*. at ¶¶ 1-4, 16-31, 17-30, 43.

D. *Adams* Action

On February 27, 2023, the *Adams* Plaintiff filed a putative Class Action Complaint in the U.S. District Court for the Western District of Virginia. *Daly*, Dkt. #34-1. On June 14, 2023, the Virginia District Court ordered this case transferred to this Court, placing emphasis on its similarities to pending actions here:

> Most notably, three similar and related cases—one of which was filed by plaintiff's lawyers—are already pending in the Western District of Washington before the

ORDER - 3

same district judge. As the district court noted in *Gonzalez v. Homefix Custom Remodeling, Corp.*, it is "generally in the interest of justice if a decision not to transfer would lead to courts rending inconsistent judgment on the same issue." 2023 WL 3115585 at *6 (E.D. Va. Apr. 26, 2023) (citing Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960) (simultaneous similar cases in different districts "leads to the wastefulness of time, energy and money that 1404 was designed to prevent.")).

*Adams*, Dkt. # 22 at 3.

As the Virginia District Court noted, Plaintiffs' counsel also aided in filing this *Adams* action. *Id*. This Complaint is very similar to the *Daly* Complaint, containing similar snapshots and arguments. *Daly*, Dkt. #34-1; Dkt. #14. As Amazon mentions, the first paragraphs of these Complaints are nearly identical, and the *Adams* Complaint also alleges violations concerning the same twelve Amazon subscription services as *Daly*. *Id*.; Dkt. #14. The *Adams* Plaintiff alleges that Amazon uses "dark patterns" to "lure consumers into enrolling" in subscriptions and makes it deceptively difficult for consumers to cancel their trials or subscriptions. *Id*. at ¶¶ 34-43, 59, 75, 87, 124. The *Adams* Plaintiff alleges injury because she did not know she was enrolled in an automatic renewal program and struggled to cancel this subscription, resulting in unauthorized charges. Id. at ¶¶ 84, 92, 95. This Plaintiff asserts these claims for violations of Virginia's Consumer Protection Act ("VCPA") and Virginia Automatic Renewal Law ("Virginia ARL"). *Id*. at 104.

E. **Court Order in *Daly***

On October 14, 2022, Amazon filed a Motion to Dismiss the *Daly* Complaint. Dkt. #20. On February 26, 2024, this Court granted in part and denied in part Amazon's Motion. Dkt. #37. The Court dismissed with prejudice Plaintiffs' California Consumer Legal Remedies Act claims pertaining to Amazon subscription services not specified in Plaintiffs' Pre-suit Notice Letter (ComiXology, Blink, Prime Video Channels, and BookBox). *Id*. The Court also concluded that

ORDER - 4

Amazon's automatic renewal terms met the requirements of Oregon's and California's ARLs. *Id.* However, the Court ultimately concluded that Plaintiffs had made a *prima facie* showing of alleged violations concerning Amazon's cancellation processes. *Id.*

### III. ANALYSIS

#### A. Legal Standard

Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to consolidate cases that involve common questions of law and fact. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). In determining whether consolidation is warranted, courts look to the existence of common questions of law or fact and weigh the interests of judicial economy against any delay or prejudice that might result. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). The moving party has the burden of showing that consolidation is appropriate. *EEOC v. Lowe's*, 2008 U.S. Dist. LEXIS 135184 at *6 (W.D. Wash. Aug. 14, 2008).

#### B. Motion to Consolidate *Nicholas* and *Dorobiala*

First, Amazon seeks to consolidate with *Nicholas*. *Daly*, Dkt. #25. Both cases involve putative class actions concerning Amazon's alleged "dark patterns," automatic renewal subscription services, and frustrating cancelation practices. Both *Daly* and *Nicholas* also include common claims for fraud and unjust enrichment. Thus, there is an overlap of law and the general type of facts one would expect in this type of case. However, a close review of the pleadings reveals a distinction. Plaintiffs in the instant case allege that Amazon violated Oregon's and California's ARLs through misrepresentations and difficult cancellation processes with Amazon's subscription offerings such as Prime, *see Daly*, Dkt. #14; Plaintiff in *Nicholas* alleges violations of WCPA, IACRA, ICFA through misrepresentations and difficult cancellation processes regarding Amazon's "Subscribe & Save" products. *See* Dkt. #26-1. In this Court's

ORDER - 5

previous Order, Dkt. #37, the Court relied on Plaintiff's prima facie showing that the Amazon Checkout Pages, Acknowledgment Emails, and cancellation processes were similar regarding Amazon Automatic Renewal subscription offerings like Amazon Prime, Audible, Kindle Unlimited, etc. Upon review of the Complaint in *Nicholas*, the "Subscribe & Save" products are different from these distinctive Amazon subscriptions. These are different products and issues. Amazon is huge; it may get accused of violating similar laws many times a year, in many different ways, and not all of these actions can or should be consolidated. It is not clear that judicial economy would be served by consolidating *Nicholas* and *Daly*. The Court finds that Amazon has failed to meet its burden of demonstrating enough common questions of fact and orders that Amazon's Motion to Consolidate with *Nicholas* to the instant case is DENIED.

Second, the Court finds that Amazon has met its burden of demonstrating enough common questions of fact pertaining to *Dorobiala*. Plaintiffs argue that consolidating *Dorobiala* with this case would be premature. Dkt. #30 at 5. This argument is now moot, however, due to the Court's recent Order on Amazon's Motion to Dismiss. Dkt. #37. Plaintiffs also argue that consolidation is improper because the facts and laws are different and would result in prejudice and unnecessary delay. Dkt. #30 at 6-10. Plaintiffs argue that the *Dorobiala* Plaintiff "asserts garden variety consumer protections claims for deceptive conduct under Washington law, seeking actual damages that would undoubtedly be lesser than the statutory damages available under Oregon law, and the plaintiff does not seek equitable restitution." *Id*. at 7. Damages, however, are not controlling here, and Plaintiffs cite no law otherwise. In *Dorobiala*, as opposed to *Nicholas*, the Plaintiff asserts damages due to Amazon's deceptive cancellation practices related to Amazon's Prime automatic renewal subscription. The cause of action, facts, and allegations are similar, if not identical, to those made by Plaintiffs in *Daly*. Furthermore,

ORDER - 6

Plaintiffs' argument that *Daly* differs from *Dorobiala* due to Plaintiffs' allegations resulting from exposure to the Checkout Page fails as well. Dkt. #30 at 8. As this Court concluded in its previous Order, Plaintiffs' argument that Amazon's Checkout Page disclosures violated Oregon's and California's ARLs failed, but Plaintiffs' claims concerning Amazon's disruptive or difficult cancellation policies prevailed, including practices and policies related to Amazon Prime. Dkt. #37. These Amazon Prime cancellation practices are the same alleged violations in *Dorobiala*. The Court finds that consolidating these two cases that are factually similar, containing overlapping claims and products, will not increase the complexity of the case or prejudice the involved parties, and it will benefit the judicial economy of all the cases. Therefore, the Court finds that Amazon has met its burden of demonstrating enough common questions of fact and orders Amazon's Motion to Consolidate with *Dorobiala* is GRANTED.

### C. Supplemental Motion to Consolidate *Adams*

Lastly, Amazon seeks to Consolidate with *Adams*. Dkt. #33. Plaintiff in *Adams* asserts that Amazon failed to comply with Virginia's ARL. Dkt. #34-1. Plaintiffs in the instant case argue this is dissimilar because the *Daly* Plaintiffs assert violations of Oregon's and California's ARL, not Virginia's. Dkt. #35 at 2. However, Virginia's ARL is practically identical to both Oregon's and California's ARLs. Va. Code §§ 59.1-207.45, 59.1-204.46; Cal. Bus. & Prof. Code §§ 17601, 17602; ORS §§ 646A.293, 646A.295. On further review, the Court finds no case law pertaining to Virginia ARL in disagreement with this Court's analysis of ARLs in its previous order, Dkt. #37. Both *Adams* and *Daly* allege violations of ARLs pertaining to Amazon subscriptions, including Prime. *Adams*, *Daly*, and *Dorobiala* all allege frustrations in attempting to cancel Amazon subscriptions and bring claims based on these similar cancellation practices. In fact, Plaintiffs in *Daly* relied on these substantial similarities in refuting Amazon's dismissal

ORDER - 7

arguments. *See* Dkt. #22 at 4, 7, 10-11, 13, 23. Again, due to the Court's previous Order, Dkt. #37, Plaintiffs' arguments of prematurity are now moot. Furthermore, both *Daly* and *Adams* are filed by the same attorney, containing substantially similar arguments, products, and complaints that are brought pursuant to substantially identical ARLs. Plaintiffs do not note a single, relevant distinction between these laws. See Dkt. #35 at 2-3. The Court finds that consolidating these cases that are factually similar, containing overlapping claims and products, and almost identical statutes will not increase the complexity of the case or prejudice the involved parties, and it will benefit the judicial economy of all the cases. Therefore, the Court finds that Amazon has met its burden of demonstrating enough common questions of fact and orders Amazon's Motion to Supplement to consolidate with *Adams* is GRANTED.

### IV. CONCLUSION

Having considered Defendant Amazon's Motions, Plaintiffs' Opposition, and the remainder of the record, the Court FINDS and ORDERS:

1. Defendant Amazon's "Motion to Consolidate Cases," Dkt. #25, is DENIED IN PART. *Nicholas v. Amazon.com, Inc.*, Case No. 2:22-cv-1616-RSM, shall not be consolidated with the instant case.

2. Defendant Amazon's "Motion to Consolidate Cases," Dkt. #25, is GRANTED IN PART. Related case *Dorobiala v. Amazon.com, Inc.*, Case No. 2:22-cv-01600-RSM, shall be consolidated under Case No. 2:22-cv-00910-RSM. The case schedule for Case No. 2:22-cv-00910-RSM shall govern.

3. Defendant Amazon's "Motion to Supplement Pending Motion to Consolidate to Add Fourth Related Action," Dkt. #33, is GRANTED. The related case *Adams v. Amazon.com, Inc.*, Case No. 2:23-cv-00913-RSM, shall be consolidated under Case

No. 2:22-cv-00910-RSM. The case schedule for Case No. 2:22-cv-00910-RSM shall govern.

4. Plaintiffs must file a consolidated complaint consistent with this Court's previous Order, Dkt. #37, within thirty (30) days of the date of this Order. Defendants have forty-five (45) days thereafter to file an answer or a motion challenging the consolidated complaint.

5. The Clerk is directed to amend the caption of the consolidated action to reflect *In re Amazon Subscription Services Litigation*, Case No. 2:22-cv-00910-RSM (W.D. Wash.).

DATED this 28th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE